NEW HAMPSHIRE TRUST COMPANY V. KORSMEYER
PLUMBING & HEATING COMPANY.

FILED FEBRUARY 9, 1899.   No. 8685.

1. **Evidence: HARMLESS ERROR: TRIAL.** A judgment in an action tried to the court without a jury will not be reversed for the admission of improper evidence, provided there be sufficient proper evidence to sustain the finding.

2. ———: **LETTERS.** To render admissible in evidence a letter purporting to be in answer to another, it is not necessary to also offer that which it answers, provided the letter offered be in itself fairly self-explanatory.

·3. **Review.** Evidence *held* to sustain the finding of the district court.

ERROR from the district court of Lancaster county. Tried below before HOLMES, J.  *Affirmed.*

*Lambertson & Hall* and *C. E. Holland,* for plaintiff in error.

*S. J. Tuttle, M. L. Easterday,* and *Brown & Sumpter, contra.*

IRVINE, C.

Separate actions were brought against the New Hampshire Trust Company and Hiram D. Upton by the Korsmeyer Plumbing & Heating Company, F. W. Brown Lumber Company, Western Glass & Paint Company, and Leon Baker, each being for goods sold and delivered or labor performed in and about the completion of certain buildings in Lincoln. The four cases presented similar issues and were tried together to the court without the intervention of a jury. There were findings for each plaintiff against the trust company, and judgments thereon. The trust company brings the records here for review.

The assignments of error argued relate to the admission of certain evidence over the objection of the plain-

tiff in error, and to the sufficiency of the evidence to sustain the findings. It was admitted that the several plaintiffs had furnished material and performed labor as charged in their petitions, but it was denied that the persons with whom they had contracted were agents of the trust company empowered to bind it in the matter. On the issue of agency much incompetent testimony was introduced in the form of declarations of the supposed agents; but where a case is tried to the court without a jury, the admission of improper evidence is not in itself reversible error, provided there be sufficient proper evidence to sustain the finding.

It would be useless to review the questions of fact presented in detail. Disregarding all evidence plainly improper we are convinced that sufficient remained to justify the finding, provided that certain letters purporting to have been written by the trust company were properly admitted. These were letters for the most part written to the several plaintiffs, and it appeared from each, as well as by oral evidence, that they were written in response to prior letters sent by the addressees to the trust company or to Upton, its president. The objection insisted on is that in such case the answering letter is not receivable unless the letter which it answers is also offered. Such a rule is stated in a note to section 201 of 1 Greenleaf, Evidence, and also in a note to section 80 of Underhill, Evidence. Perhaps it may be found in other text-books. In each of those cited the sole authority given is *Walson v. Moore*, 1 C. & K. [Eng.] 626, which is to that effect. The contrary was held by Lord Kenyon in *Lord Barrymore v. Taylor*, 1 Esp. [Eng.] 326, and also by Parke, B., in *De Medina v. Owen*, 3 C. & K. [Eng.] 72. In Phillips, Evidence, 416, the two former cases are referred to, but the rule is not so broadly stated as in the American books. It is a significant fact that in Phillips, *Walson v. Moore* is cited as *Watson v. Moore*, and that the typographical error is repeated in both Greenleaf and Underhill. We think the true rule is that where the letter

54

offered is fairly self-explanatory, that to which it is an answer need not be offered. It may of course be produced by the other side, and a failure to offer it may as a matter of fact affect the weight to be given the answering letter, but not its admissibility. The letters were properly received.

AFFIRMED.